UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x
MARGARET KILLIP,

        Plaintiff,

- against -

SCANDINAVIAN MARINE CLAIMS OFFICE,
INC., SCANDINAVIAN UNDERWRITERS
AGENCY, SCUA AMERICAS, INC., SCUA
HOLDINGS, B.V., AND NORWEGIAN HULL
CLUB,

        Defendants and
        Third-Party Plaintiffs,

------------------------------------------------------------x

CIVIL CASE NO.
3:02 CV 1494 (RNC)

Nov 4, 2003
~~June 6, 2003~~

## SCANDINAVIAN MARINE CLAIMS OFFICE, INC.'S MOTION FOR AN EXTENSION OF TIME TO SERVE THIRD PARTY COMPLAINT

Scandinavian Marine Claims Office, Inc. ("SMCO") moves the Court for an order extending its time to serve the third party complaint against Tom Ostensen dated June 6, 2003 (the "Third Party Complaint"). A copy of the Third Party Complaint is attached hereto as Exhibit A.

On June 6, 2003, SMCO moved the Court for permission to file the Third Party Complaint. By order dated July 8, 2003, the Court granted SMCO's motion and directed the clerk of the court to file the Third Party Complaint which it did that day. A copy of the Court's order is attached hereto as Exhibit B.

On October 12, 2003, before SMCO served the Third Party Complaint on Mr. Ostensen, Mr. Ostensen past away. A copy of a letter by Mr. Ostensen's counsel alerting the Court of Mr. Ostensen's death is attached hereto as Exhibit C.

1171619.1

For the reasons stated above, SMCO respectfully requests the Court extend its time to serve the Third Party Complaint on Mr. Ostensen's estate to 60 days after an executor has been appointed.

SMCO's counsel attempted to contact Plaintiff's counsel to obtain his consent to the extension but he was unavailable.

Dated: November 4, 2003.

        SCANDINAVIAN MARINE CLAIMS OFFICE, INC.

By: _____
    Donald J. Kennedy
    Federal Bar No. ct23620
    CARTER LEDYARD & MILBURN LLP
    2 Wall Street
    New York, New York 10005
    Telephone: (212) 732-3200
    Facsimile: (212) 732-3232

    Madeleine F. Grossman
    Federal Bar No. ct05987
    Dorit S. Heimer
    Federal Bar No. ct01219
    LEVETT ROCKWOOD P.C.
    33 Riverside Avenue
    Post Office Box 5116
    Westport, Connecticut 06880
    Telephone: (203) 222-0885
    Facsimile: (203) 226-8025

1171619.1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x
MARGARET KILLIP,                             :
                                             :
        Plaintiff,                          :
                                             :
  - against -                               :   CIVIL CASE NO.
                                             :   3:02 CV 1494 (RNC)
SCANDINAVIAN MARINE CLAIMS OFFICE,           :
INC., SCANDINAVIAN UNDERWRITERS              :
AGENCY, SCUA AMERICAS, INC., SCUA            :
HOLDINGS, B.V., AND NORWEGIAN HULL           :
CLUB,                                        :   June 6, 2003
                                             :
        Defendants and                      :
        Third-Party Plaintiffs,             :   **THIRD-PARTY COMPLAINT**
  - against -                               :
                                             :
TOM OSTENSEN                                 :
                                             :
        Third-Party Defendant               :
                                             :
------------------------------------------------------------x

**THIRD-PARTY COMPLAINT OF SCANDINAVIAN MARINE CLAIMS OFFICE, INC.**

    Scandinavian Marine Claims Office, Inc. ("SMCO") by its attorneys Levett Rockwood P.C. and Carter Ledyard & Milburn LLP, for their Third-Party Complaint in this action against Tom Ostensen, allege as follows:

**PARTIES**

    1.    SMCO is a corporation organized under the laws of New York and maintains its principal place of business at 250 Catalonia Avenue, Suite 304, Coral Gables, Florida 33134. SMCO established the Pension Plan for the employees of SMCO (the "Plan").

    2.    Upon information and belief, Ostensen resides at 7 Gilliam Lane, Riverside, Connecticut. Ostensen was the President of SMCO from January 1, 1991 to June 21, 2000. As

1169202.2

an officer of SMCO, Ostensen owed a fiduciary duty to perform his obligations in good faith and owed a duty of loyalty to SMCO. During this time, Ostensen was also an administrator, trustee and fiduciary of the Plan. As admistrator, trustee and fiduciary of the Plan, Ostensen owed a fiduciary duty to perform his obligations in good faith and owed a duty of loyalty to the Plan.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1332 and 29 U.S.C. §§ 1132(a)(3) and 1132(e)(1).

4. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(a)(1) and (2).

## SUMMARY OF UNDERLYING ACTION AND CLAIM FOR RELIEF

5. On August 26, 2002, Killip filed a Summons and Complaint against defendants SMCO, SCUA and NHC. A copy of the Complaint is attached hereto as Exhibit A. SMCO and SCUA accepted service of the summons and Complaint and filed an answer and counterclaim on December 13, 2002. NHC was served with the Summons and Complaint pursuant to the Hague Convention on or about February 12, 2003. Scandinavian Underwriters Agency and SCUA Holdings, B.V., the other defendants named in the action, have not been served.

6. Killip was an employee of SMCO from January 1, 1991 through June 30, 2000. Killip was covered by the Plan consisting of a defined benefit pension plan and a money purchase plan. Killip and SMCO also entered into an agreement dated as of June 13, 1995 for additional benefits (the "Non-Qualified Plan"). Killip alleges, *inter alia,* that SMCO owes her benefits under the Plan and the Non-Qualified Plan.

1169202.2                                   2

7.  Due to unauthorized statements or representations made by Ostensen to Killip and others or actions taken by Ostensen, without the authority of the Board of Directors, to enhance the benefits under the Plan and the Non-Qualified Plan, SMCO may become liable for damages to Plaintiff. In the event that SMCO is found liable to Plaintiff in the underlying action, then SMCO is entitled to contribution and indemnification from Ostensen in the amount of his proportionate responsibility based on his relative culpability for the damages allegedly sustained by Plaintiff.

8.  SMCO reserves all rights to arbitrate disputes with Ostensen arising out of the Non-Qualified Plan and nothing herein shall be deemed to be a waiver of SMCO's rights to submit to arbitration all disputes with Ostensen arising out of the Non-Qualified Plan.

Wherefore, SMCO demands judgment against Ostensen for some or all sums that may be adjudged against them in favor of Plaintiff in this action and for costs.

Dated: June 5, 2003.               SCANDINAVIAN MARINE CLAIMS OFFICE, INC.

By: _____
Donald J. Kennedy
Federal Bar No. ct23620
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York  10005
Telephone: (212) 732-3200
Facsimile:  (212) 732-3232

Madeleine F. Grossman
Federal Bar No. ct05987
Dorit S. Heimer
Federal Bar No. ct01219
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
Post Office Box 5116
Westport, Connecticut  06880
Telephone: (203) 222-0885
Facsimile:  (203) 226-8025

OFFICE COPY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x
MARGARET KILLIP,                            :
                                            :
            Plaintiff,                      :
                                            :
    - against -                             :
                                            :   CIVIL CASE NO.
                                            :   3:02 CV 1494 (RNC)
SCANDINAVIAN MARINE CLAIMS OFFICE,          :
INC., SCANDINAVIAN UNDERWRITERS             :
AGENCY, SCUA AMERICAS, INC., SCUA           :
HOLDINGS, B.V., AND NORWEGIAN HULL          :
CLUB,                                       :   June 6, 2003
                                            :
            Defendants and                  :
            Third-Party Plaintiffs,         :
                                            :
------------------------------------------------------------x

### SCANDINAVIAN MARINE CLAIMS OFFICE, INC.'S
### MOTION FOR LEAVE TO FILE THIRD PARTY COMPAINT

Scandinavian Marine Claims Office, Inc. ("SMCO") moves the court pursuant to Rule 14 of the Federal Rules of Civil Procedure for leave to implead as third-party defendant in this action Tom Ostensen and to serve on him the summons and third-party complaint attached hereto as Exhibit A. This motion is made and based on the ground that Tom Ostensen is or may be liable to SMCO for any judgment plaintiff may recover from SMCO as more fully appears in the third party complaint attached hereto as Exhibit A.

GRANTED. The clerk of court is directed to file the third party complaint attached to this motion as exhibit A.

Donna F. Martinez, U.S.M.J.
7/8/03

Exhibit A

# SCHLAM STONE & DOLAN LLP

26 BROADWAY
NEW YORK, N.Y. 10004

(212) 344-5400
TELECOPIER: (212) 344-7677
www.schlamstone.com

PETER R. SCHLAM
HARVEY M. STONE
RICHARD H. DOLAN
JAMES C. SHERWOOD
THOMAS A. KISSANE
BENNETTE D. KRAMER
JOHN J.D. McFERRIN-CLANCY
JEFFREY M. EILENDER

REX CHEN
JOHN M. LUNDIN
ELIZABETH PRICKETT-MORGAN
LEAH M. CAMPBELL

October 13, 2003

**BY FEDERAL EXPRESS**

Honorable Robert N. Chatigny
Chief United States District Court Judge
450 Main Street
Hartford, CT 06103

Honorable Donna F. Martinez
United States Magistrate Judge
450 Main Street
Hartford, CT 06103

Re: *Scandinavian Marine Claims Office, Inc. v. Tom Ostensen,*
3:02CV678 (RNC)

Dear Judge Chatigny and Magistrate Judge Martinez:

This firm represents Tom and Siri Ostensen, defendants and counterclaim plaintiffs in the above-referenced action. I am writing to inform Your Honors that Mr. Ostensen passed away on October 12, 2003 after a brief illness. I will be filing a Suggestion of Death on the Record as soon as I have been retained by Mr. Ostensen's estate.[1]

Mr. Ostensen suffered a cerebral hemorrhage on or about September 27. I had spoken to Magistrate Judge Martinez' chambers on October 3 about the situation and was instructed to prepare a motion to stay the action with the appropriate medical documentation. I was in the midst of completing that motion, after securing declarations from Mr. Ostensen's physicians, when Mr. Ostensen suddenly passed away on Sunday.

---

[1] *Smith v. Planas*, 151 F.R.D. 547, 549 (S.D.N.Y. 1993) ("[T]he attorney for the the decedent has no authority to suggest the death of his or her client upon the record. The attorney is not a party to the action and the attorney's authority to represent the decedent terminated upon death. A representative of the deceased party, and not that party's attorney, must make the suggestion of death.").

Honorable Robert N. Chatigny
     and
Honorable Donna F. Martinez
October 13, 2003
Page 2

    The last time I spoke to Mr. Ostensen was on September 29, when he was already suffering the symptoms of his stroke. I have had intermittent conversations with his wife, but only about his medical condition. She will obviously not be able to focus on the litigation for some time. Thus, I do not know and will not know for a certain period her views as to how the litigation should be handled. Time will also be needed for the estate to get itself organized and to retain counsel. I also do not know yet how Mr. Ostensen's death legally impacts on either his or plaintiff's claims. I respectfully submit that given these extraordinary circumstances that a stay of the proceedings would be appropriate.

    I respectfully request any guidance that the Court deems appropriate as to how the parties should proceed further.

Respectfully submitted,

Jeffrey M. Eilender

JME/bc

cc:   (By Telecopier and Federal Express)
      Donald J. Kennedy, Esq.
      Madeleine F. Grossman, Esq.
      Dorit S. Heimer, Esq.
      Charles A. Stewart, III, Esq.
      Manuel Llorca, Esq.
      Sharon E. Jaffe, Esq.

## **CERTIFICATION**

This is to certify that a copy of the foregoing Motion For An Extension Of Time To Serve Third Party Complaint was mailed via regular mail, on this, the 4th day of November, 2003 to the following counsel of record:

Charles A. Stewart, Esq.
Stewart Occhipinti & Makow
1350 Broadway, Suite 2200
New York, NY 10018

Manuel R. Llorca, Esq.
Daniel F. Paige, Esq.
Skoufalos, Llorca & Ziccardi, LLP
2187 Atlantic Street
Stamford, CT 06902

Counsel for Plaintiff

Gerald W. Griffin

1200448.1